**Elefherios DONTAS, Appellant,**

v.

**Warden Ronald R. HOLT.**

**No. 05–1211.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 March 24, 2004.

Decided June 6, 2005.

Elefherios Dontas, Minersville, PA, pro se.

Stephen R. Cerutti, II, Office of United States Attorney, Harrisburg, PA, for Appellee.

Before ALITO, MCKEE and AMBRO, Circuit Judges.

## OPINION

PER CURIAM.

Appellant, Elefherios Dontas, appeals from the District Court's order denying his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. In his habeas petition, Dontas challenges the calculation of his good conduct time ("GCT") by the Bureau of Prisons ("BOP"). According to the BOP, Dontas is eligible under the applicable statute, 18 U.S.C. § 3624(b), to earn up to 682 days of GCT with a resulting projected release date of December 13, 2013. Dontas, however, argues that the BOP's calculation of his GCT deprives him of the amount to which he is entitled by statute (i.e., 784 days of GCT). Dontas asserts that § 3624(b) allows him to earn up to 54 days per year of the term of sentence imposed, not 54 days per year of time actually served as the BOP's calculation provides.

This Court recently issued an opinion concluding that the BOP's interpretation of § 3624(b) is reasonable, and thus entitled to deference. *See O'Donald v. Johns*, 402 F.3d 172, 174 (3d Cir.2005), *citing Chevron, U.S.A., Inc. v. Natural Res. Def. Council*, 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984); *Stiver v. Meko*, 130 F.3d 574, 577 (3dCir.1997). We concluded that "the BOP's interpretation comports with the language of the statute, effectuates the statutory design, establishes a 'fair prorating scheme,' enables inmates to calculate the time they must serve with reasonable certainty, and prevents certain inmates from earning GCT for time during which they were not incarcerated." *Id.*, *citing Pacheco–Camacho v. Hood*, 272 F.3d 1266, 1270–71 (9th Cir.2001). We further rejected, as meritless, the argument raised by Dontas that the District Court should have applied the rule of lenity and resolved the statute's ambiguity in his favor.

Accordingly, because it clearly appears that no substantial question is presented by this appeal, we will summarily affirm the order of the District Court denying Dontas' petition pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6.